IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE GOODYEAR TIRE & RUBBER COMPANY, 200 Innovation Way, Akron, Ohio 44316, | ) ) ) ) ) | Case No.: Judge: |
| Plaintiff, | ) ) | **COMPLAINT FOR INDEMNIFICATION** |
| *v.* | ) ) | |
| LOCKHEED MARTIN CORPORATION, 6801 Rockledge Drive, Bethesda, Maryland 20817, | ) ) ) ) | (Jury Demand Endorsed Herein) |
| Defendant. | ) | |

For its Complaint against Defendant Lockheed Martin Corporation ("Lockheed" or "Defendant"), Plaintiff The Goodyear Tire & Rubber Company ("Goodyear" or "Plaintiff") states and alleges as follows:

**INTRODUCTION**

1. In 1987, Lockheed's predecessor-in-interest, Loral Corporation ("Loral"), entered into an asset purchase agreement ("APA") with Goodyear for the acquisition of all the assets and liabilities of Goodyear's former subsidiary, Goodyear Aerospace Corporation ("GAC"). Among other things, this agreement expressly provided that Loral would indemnify Goodyear for any and all costs, expenses and liabilities for any claim arising out of the operations of GAC subsequent to the closing date of the parties' agreement.

2. Over 15 years later, Lockheed determined that polychlorinated biphenyl ("PCB") contamination was present in an Akron airdock facility that Loral had acquired through its agreement with Goodyear. Although, as a result of its 1997 merger with Loral, Lockheed had

assumed all of Loral's obligations and liabilities under the APA – necessarily including the PCB contamination of the airdock in question – Lockheed attempted to foist its responsibilities and remediation expenses onto Goodyear by suing Goodyear in this Court. After more than two and a half years of costly litigation, in 2012 this Court ruled that Lockheed was solely responsible for contamination of the airdock – a determination that the U.S. Court of Appeals for the Sixth Circuit recently affirmed on appeal.

3. Goodyear has requested that Lockheed honor its express indemnification obligations under the APA, to make Goodyear whole for the significant costs and expenses incurred in defending against the meritless airdock litigation, but Lockheed has refused – necessitating that Goodyear undertake still further litigation in the filing of the present lawsuit.

## PARTIES, JURISDICTION AND VENUE

4. Goodyear is a corporation incorporated under the laws of the State of Ohio. Goodyear's principal place of business is located in Akron, Ohio.

5. Lockheed is a corporation incorporated under the laws of the State of Maryland. Lockheed's principal place of business is located in Bethesda, Maryland.

6. The amount in controversy between the parties to this action exceeds the sum or value of $75,000, exclusive of interest and costs.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

8. This Court has personal jurisdiction over both parties to this action.

9. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district. First, within this district lies the real property that was the subject matter of the related, underlying dispute in the lawsuit styled *Lockheed Martin Corporation v. The Goodyear Tire & Rubber Company, et al.* (N.D. Ohio, Case No. 10-cv-673) (the "Airdock Litigation"). Moreover, the Airdock Litigation,

1370753/5/CLEVELAND

which is the predicate for this suit, was brought by Lockheed against Goodyear in this venue pursuant to, *inter alia*, certain provisions of the APA, which lawsuit, and the expenses incurred by Goodyear in defending against it, give rise to the claims that Goodyear now brings.

## FACTUAL BACKGROUND

### The 1987 Asset Purchase Agreement

10. From 1940 to 1987, GAC used Goodyear's Akron airdock facility (the "Airdock") for its business operations.

11. In November 1986 Goodyear decided to divest GAC, and as of January 12, 1987, Loral, Goodyear and GAC entered into the Amended and Restated Agreement for Purchase and Sale of Assets (the "Agreement" or "APA"). A true and correct copy of the APA (exclusive of voluminous exhibits and schedules not relevant here) has been attached hereto as Exhibit A.

12. Section 2.1 of the APA provides that Loral acquired all of the assets of GAC, while Section 2.2 provides that Loral acquired all of the debts, obligations, contracts and liabilities of GAC, whether existing or later arising.

13. In Section 6.19 of the APA, Loral promised to indemnify Goodyear and GAC for claims arising from the GAC business, including "any and all losses, liabilities, damages, deficiencies, interest, penalties, impositions, assessments, fines, costs and expenses, in whole or in part, resulting from, caused by, arising out of or attributable to any material misrepresentation or material breach by Loral of any of its representations or warranties set forth in this Agreement or any or material breach or material non-fulfillment by Loral of any of its covenants, agreements or other obligations set forth in this Agreement, including without limitation, the assumption of liabilities in Section 2.2 hereof, … **or for any claim arising out of the**

**operations of GAC subsequent to the Closing Date**, including, without limitation, products manufactured by GAC after the Closing Date." Exhibit A at § 6.19.2 (emphasis added).

14. In 1997 Loral merged with Lockheed, and Lockheed thereby became Loral's successor-in-interest to the APA, assuming Loral's obligations under the Agreement.

## Lockheed Initiates the Airdock Litigation Against Goodyear

15. Years after the Lockheed/Loral merger, Lockheed determined that PCB contamination was present on the Airdock site and also in a drainage ditch known as "Haley's Ditch," which runs through the Airdock site.

16. Notwithstanding the fact that Lockheed, as Loral's successor-in-interest to the APA, had acquired all of GAC's assets and assumed all of GAC's liabilities, Lockheed sued Goodyear in an attempt to recover the costs that it spent in remediating the Airdock contamination which liability did not accrue until 1997, more than 10 years after Goodyear sold GAC. Specifically, on March 31, 2010, Lockheed filed a complaint in this Court against Goodyear in the Airdock Litigation, which matter was assigned to U.S. District Judge David D. Dowd, Jr.

17. In the Airdock Litigation, Lockheed sought to hold Goodyear responsible for the Airdock contamination, seeking recompense of Lockheed's remediation costs and contribution from Goodyear pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (42 U.S.C. § 9601 *et seq.*) ("CERCLA") and the Ohio Voluntary Action Program (Ohio Rev. Code § 3746) ("Ohio VAP").

18. On April 26, 2010, Lockheed filed its first amended complaint in the Airdock Litigation.

- 4 -

### Goodyear Requests Indemnification under the APA and
### Files Counterclaims Against Lockheed

19. On June 3, 2010, pursuant to Section 6.19.2 of the APA, Goodyear requested indemnification from Lockheed for the fees, costs and expenses incurred by Goodyear in defending the Airdock Litigation. A true and correct copy of Goodyear's June 3, 2010 indemnification request is attached hereto as Exhibit B.

20. On July 12, 2010, Lockheed rejected Goodyear's indemnification request. A true and correct copy of Lockheed's July 12, 2010 correspondence is attached hereto as Exhibit C.

21. On August 27, 2010, Goodyear filed its answer and counterclaims to Lockheed's first amended complaint in the Airdock Litigation, denying all liability as to Lockheed's claims. Among its counterclaims, Goodyear sought indemnification from Lockheed and alleged that Lockheed owed indemnification to Goodyear pursuant to Section 6.19.2 of the APA for costs and expenses incurred by Goodyear in defending the Airdock Litigation.

22. On June 16, 2011, Goodyear filed an amended answer to Lockheed's first amended complaint in the Airdock Litigation. In its amended answer, Goodyear restated its counterclaims against Lockheed.

23. Also on June 16, 2011, Lockheed filed its second amended complaint in the Airdock Litigation.

24. On June 17, 2011, Goodyear and Lockheed jointly moved the Court to stay the requirement to respond to the second amended complaint until after resolution of dispositive motion practice. The Court granted the parties' joint motion on June 20, 2011. A true and correct copy of the Court's June 20, 2011 Order is attached hereto as Exhibit D.

**The Court Grants Summary Judgment to Goodyear**

25. On June 17, 2011, Goodyear and Lockheed each filed motions for summary judgment specific to Lockheed's claims in the second amended complaint. These motions did not address any of the counterclaims brought by Goodyear against Lockheed in its answer and amended answer to Lockheed's first amended complaint.

26. In support of its motion for summary judgment, Lockheed stated that the APA was "clear and unambiguous." Based on the plain language in the APA, Lockheed argued that the APA only conveyed certain of GAC's liabilities to Loral; that the PCB contamination present in the Airdock site was a liability of Goodyear, not of GAC; that Lockheed thus had no responsibility for the Airdock contamination under the APA; and that Goodyear was therefore responsible to Lockheed under CERCLA and the Ohio VAP for the cost of remediating the Airdock site.

27. In its own motion for summary judgment, Goodyear too focused on the plain meaning of the APA. Goodyear argued that the APA had conveyed to Loral all of GAC's assets and liabilities, including but not limited to any and all environmental liabilities and excepting only certain claims made by Loral within two years of the APA's closing; that Loral never advanced a claim based on PCB contamination of the Airdock within the two-year window; that, in fact, Lockheed did not even determine that PCB contamination was present in the Airdock until over 15 years after the APA had been executed and several years after Lockheed's own merger with Loral; and that Lockheed, as Loral's successor-in-interest to the APA, was therefore responsible for any liabilities associated with the PCB contamination.

28. Following extensive motion practice and oral argument before this Court, on August 15, 2012 this Court issued a Memorandum Opinion (the "Dispositive Order") in which it

agreed with Goodyear's interpretation of the APA and rejected Lockheed's contention that Lockheed was not responsible under the APA for the liabilities of the Airdock, including remediation of the PCB contamination. A true and correct copy of the Dispositive Order is attached hereto as Exhibit E.

29. Specifically, this Court found that "the only reasonable interpretation of 'liabilities of GAC' [in the APA] includes liabilities for assets conveyed by Goodyear to Loral as part of Loral's acquisition of the 'assets of GAC' pursuant to the APA. Among those assets was the Airdock. Accordingly, the Court concludes as a matter of law that pursuant to the APA, Lockheed assumed Goodyear Tire's liabilities in connection with the Airdock, which was transferred to Loral in 1987 as part of the assets of GAC." Exhibit E at 15-16. The Court therefore granted Goodyear's motion for summary judgment as to Claim Nos. 1, 2 and 3 of Lockheed's second amended complaint, thereby also mooting Lockheed's Claim Nos. 4, 5, 6 and 7. *See id.* at 16-17. The Court also denied Lockheed's motion for summary judgment. *See id.* at 16.

### The Court Clarifies that Goodyear's Counterclaims Were Not Resolved in the Airdock Litigation

30. In its Dispositive Order, this Court stated that, as a result of the parties' joint motion and the Court's June 20, 2011 Order granting the same, "there are no counterclaims pending against Lockheed." Exhibit E at 8.

31. On August 29, 2012, to protect and ensure its right to advance its counterclaims against Lockheed, Goodyear moved this Court for clarification regarding the status of the counterclaims that it had brought against Lockheed in the Airdock Litigation.

32. On September 7, 2012, this Court granted Goodyear's motion and issued an Order (the "Clarification Order") stating that, because the Court's June 20, 2012 Order had stayed

Goodyear's response to Lockheed's second amended complaint and because the Court's Dispositive Order had dismissed the second amended complaint "in its entirety," the Court "did not address the issue of counterclaims in any way." A true and correct copy of the Clarification Order is attached hereto as Exhibit F.

### The Sixth Circuit Unequivocally Affirms this Court's Dispositive Order

33. On September 12, 2012, Lockheed noticed an appeal to the U.S. Court of Appeals for the Sixth Circuit, appealing this Court's grant of summary judgment to Goodyear in the Dispositive Order. That appeal was styled *Lockheed Martin Corporation v. The Goodyear Tire & Rubber Company* (6th Cir., Case No. 12-4108) (the "Airdock Appeal").

34. After full briefing and within days of the parties' oral argument, on July 9, 2013 a unanimous panel of the Sixth Circuit unequivocally affirmed this Court's grant of summary judgment to Goodyear. A true and correct copy of the Sixth Circuit's ruling is attached hereto as Exhibit G.

35. Among other things, the Sixth Circuit found that no fewer than four separate sections in the APA each "demonstrate[d] that the parties considered the Airdock to be an 'asset … of GAC[,]" even though it was owned by Goodyear." Exhibit G at 4. Further, the Sixth Circuit found that Lockheed's interpretation of the APA "overlooks the structure of the Agreement," determining instead that the APA "transferred Goodyear's liability for cleaning up the Airdock to Loral." *Id.* at 7-8. The Court of Appeals further found that any migration of PCBs from the Airdock into Haley's Ditch did not constitute a "disposal" of an environmental contaminant within the meaning of CERCLA, and also that, "[a]fter selling the Airdock, Goodyear did not cause or contribute to the release of any PCBs upon Haley's Ditch. Thus, Goodyear is not liable for the costs of cleaning up Haley's Ditch under Ohio law." *Id.* at 8-9.

- 8 -

**Goodyear Renews and Restates Its Indemnification Request to Lockheed**

36. On November 5, 2013, contemporaneous with the filing of the instant Complaint, Goodyear renewed its June 3, 2010 request to Lockheed for indemnification pursuant to Section 6.19 of the APA. Goodyear specified that it sought indemnification for the costs and expenses it incurred in defending against both the Airdock Litigation as well as the Airdock Appeal. A true and correct copy of Goodyear's November 5, 2013 renewed indemnification request to Lockheed is attached hereto as Exhibit H.

37. At the time of filing the instant Complaint, in its defense of the Airdock Litigation and Airdock Appeal Goodyear has expended in excess of $2 million, for which indemnification from Lockheed is required under Section 6.19.2 of the APA. *See* Exhibit H.

## COUNT ONE
## INDEMNIFICATION

38. Plaintiff incorporates paragraphs 1 through 37 of this Complaint as if fully restated herein.

39. Pursuant to Section 6.19 of the APA, Lockheed as Loral's successor-in-interest promised to indemnify Goodyear for claims arising from the GAC business, including "any and all losses, liabilities, damages, deficiencies, interest, penalties, impositions, assessments, fines, costs and expenses, in whole or in part, resulting from, caused by, arising out of or attributable to … any claim arising out of the operations of GAC subsequent to the Closing Date …." Exhibit A at § 6.19.2.

40. The claims brought by Lockheed against Goodyear in the Airdock Litigation were claims arising out of the operations of GAC subsequent to the closing date of the APA.

41. On June 3, 2010, after Lockheed initiated the Airdock Litigation and well within the statute of limitations governing Goodyear's indemnification claim, Goodyear requested

indemnification from Lockheed pursuant to Section 6.19.2 of the APA.  *See* Exhibit B. Lockheed refused to honor Goodyear's request.  *See* Exhibit C.

42. Goodyear having satisfied all conditions precedent for obtaining indemnification under the APA, Lockheed owes Goodyear indemnification for the costs and expenses Goodyear incurred in defending both the Airdock Litigation and the related Airdock Appeal, together with such costs and expenses that Goodyear is now required to incur in prosecuting the present action against Lockheed.

WHEREFORE, Plaintiff prays for relief as follows:

A. The Court enter judgment for Goodyear for the costs and expenses it incurred in defending and resolving the Airdock Litigation and Airdock Appeal.

B. The Court enter judgment for Goodyear for the costs and expenses it incurred in prosecuting the present action to obtain indemnification from Lockheed pursuant to Lockheed's obligations under the APA;

C. Goodyear be awarded pre- and post-judgment interest as allowed by law; and

D. Goodyear be granted all other relief that the Court deems just and proper.

Date: November 5, 2013                    Respectfully submitted,

/s/ Jill G. Okun
Jill G. Okun (Ohio #0034477)
jill.okun@squiresanders.com
Bruce Khula (Ohio #0077086)
bruce.khula@squiresanders.com
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500 (telephone)
(216) 478-8780 (facsimile)

*Counsel for Plaintiff The Goodyear Tire & Rubber Company*

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial for all issues so triable.

>                                     */s/ Jill G. Okun*
>                                     Jill G. Okun (Ohio #0034477)